**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| AMERICA FIRST LEGAL FOUNDATION,<br>611 Pennsylvania Avenue SE #231<br>Washington, DC 20003<br><br>*Plaintiff*<br><br>v.<br><br>FEDERAL BUREAU OF INVESTIGATION,<br>935 Pennsylvania Ave NW<br>Washington, DC 20535-0001<br><br>and<br><br>DEPARTMENT OF JUSTICE<br>950 Pennsylvania Ave NW<br>Washington, DC 20530-0001<br><br>*Defendants*. | Civil Action No.: 23-2545 |

**COMPLAINT**

1. The Plaintiff, America First Legal Foundation ("AFL"), brings this action against the Federal Bureau of Investigation ("FBI") and the Department of Justice (collectively, "Defendants") to compel compliance with the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552.

2. On November 6, 2022, two days before Election Day, the FBI National Election Command Post (NECP) sent an email to Assistant Special Agent in Charge Elvis Chan, flagging twenty-five Twitter "accounts being utilized to spread misinformation about the upcoming election" that "may warrant action." *See*

MattTaibbi (@mtaibbi), *The Twitter Files, Part Six: Twitter, the FBI Subsidiary*, TWITTER (Dec. 16, 2022, 4:00 PM), https://tinyurl.com/ye7wp67k.

3. The NECP requested the following assistance from Chan and the San Francisco Field Office (SF):

> 1. *Coordination between SF with Twitter* to determine whether the accounts identified below have violated Twitter's terms of service and may be subject to any actions deemed appropriate by Twitter.
> 2. The issuance of preservation letters regarding the accounts identified below in order to preserve *subscriber information* and content information pending the issuance of legal process.
> 3. Any *location information* associated with the accounts that Twitter will voluntarily provide to aid the FBI in assigning any follow-up deemed necessary to the appropriate FBI field office.

*Id.* (emphasis added).

4. The list of accounts flagged included @RSBNetwork, the official Twitter account for Right Side Broadcasting Network. *Id.*

5. Discovery in *Missouri v. Biden* revealed that "during the days immediately preceding and through election days, the FBI maintain[ed] a command center around the clock to receive reports of 'disinformation' and 'misinformation' [and] request[ed] that social-media platforms have people available to receive and process the reports at all times." *Missouri v. Biden*, No. 22-CV-1213, ECF No. 293 at 61 (W.D. La. July 4, 2023) (Doughty, J.).

6. "According to Chan, the FBI share[d] this information [that] the FBI believe[d] should be censored [and the] predictable effect [is] that social-media

platforms would take action against the content in accordance with their policies." *Id.* at 64.

7. However, the House Judiciary Committee's investigation revealed that the "FBI personnel who were warning social media companies about a potential 'hack and leak' operation in the run-up to the 2020 election knew that the laptop belonging to Hunter Biden was not Russian disinformation." Letter from Rep. Jim Jordan, Chairman, H. Comm. on the Judiciary, to the Hon. Christopher Wray, Director, FBI (July 20, 2023), https://tinyurl.com/3m7a6wsa.

8. Moreover, the FBI "made the institutional decision to refuse to answer direct questions from social media companies about the laptop's authenticity" after the New York Post broke a story based on the contents of Hunter Biden's laptop "despite months of constant information sharing up to that time." *Id.*

9. Accordingly, AFL brings this action to uncover how the FBI interfered in U.S. elections under the guise of protecting elections from alleged "disinformation and "misinformation."

## JURISDICTION AND VENUE

10. The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331. Additionally, it may grant declaratory relief pursuant to 28 U.S.C. § 2201, *et seq*.

11. Venue is proper in this District pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

## PARTIES

12. The Plaintiff, AFL, is a nonprofit organization working to promote the rule of law in the United States, prevent executive overreach, ensure due process and equal protection for all Americans, and encourage public knowledge and understanding of the law and individual rights guaranteed under the United States Constitution and the laws of the United States. AFL's mission includes promoting government transparency and accountability by gathering official information, analyzing it, and disseminating it through reports, press releases, and/or other media, including social media platforms, all to educate the public.

13. Defendant FBI is an agency within the meaning of 5 U.S.C. § 552(f), is located within the District of Columbia, and has possession and control of the records AFL seeks.

14. Defendant Department of Justice is an agency within the meaning of 5 U.S.C. § 552(f), is located within the District of Columbia, and has possession and control of the records AFL seeks.

## AFL'S FOIA REQUEST

15. On December 29, 2022, AFL submitted a FOIA request to the FBI, seeking "All records of communications to or from the National Election Command Post (NECP) referencing the Twitter accounts that were flagged for 'additional action due to the accounts being utilized to spread misinformation.'" Exhibit A at 5–7 (citing MattTaibbi (@mtaibbi), *The Twitter Files, Part Six: Twitter, the FBI Subsidiary*, TWITTER (Dec. 16, 2022, 4:00 PM), https://tinyurl.com/ye7wp67k).

16. AFL requested records from June 1, 2022, to November 10, 2022, and from December 16, 2022, to the date of processing. *Id.* at 5.

17. To assist the FBI in conducting a search for responsive records, AFL suggested twenty-four[1] search terms based on the Twitter accounts listed in the e-mail from the NECP to Chan. *Id.* at 6.

18. On February 14, 2023, the FBI responded to AFL's request, stating that the "request is overly broad and … does not provide enough detail to enable personnel to locate records 'with a reasonable amount of effort.' Therefore, your request is being closed." *Id.* at 9.

19. On April 14, 2023, AFL appealed the FBI's denial. Exhibit A at 1–3.

20. On August 23, 2023, the Department of Justice affirmed the FBI's denial of AFL's request. Exhibit B.

## CLAIM FOR RELIEF

### Violation of FOIA, 5 U.S.C. § 552

21. AFL repeats paragraphs 1–20.

22. AFL properly requested records within the possession, custody, and control of the Defendants.

23. The FBI failed to conduct a reasonable search for responsive records.

24. The FBI improperly withheld the responsive records under FOIA pursuant to 5 U.S.C. §§ 552(b)(6) and (b)(7)(C).

[1] The NECP listed one account twice in its e-mail.

25. Moreover, the FBI failed to disclose any segregable, non-exempt portions of responsive records. *See* 5 U.S.C. § 552(b).

26. AFL properly appealed the FBI's determination to withhold the responsive records in full.

27. The Department of Justice improperly affirmed the FBI's determination to withhold the responsive records in full.

28. Accordingly, AFL has exhausted its administrative remedies. *See* 5 U.S.C. § 552(a)(60(C).

29. The Defendants violated the FOIA by failing, within the prescribed time limit, to (i) reasonably search for records responsive to AFL's FOIA requests; (ii) provide a lawful reason for the withholding of any responsive records; and (iii) segregate exempt information in otherwise non-exempt responsive records.

**RELIEF REQUESTED**

WHEREFORE, AFL respectfully requests this Court:

i. Declare that the records sought by these requests, as described in the foregoing paragraphs, must be disclosed pursuant to 5 U.S.C. § 552;

ii. Order the Defendants to conduct searches immediately for all records responsive to AFL's FOIA requests and demonstrate that they employed search methods reasonably likely to lead to the discovery of responsive records;

iii. Order the Defendants to produce by a date certain all non-exempt records responsive to AFL's FOIA requests;

iv. Award AFL attorneys' fees and costs pursuant to 5 U.S.C. § 552(a)(4)(E); and

v. Grant AFL such other and further relief as this Court deems proper.

August 31, 2023.

Respectfully submitted,

/s/ *Michael Ding*
MICHAEL DING (D.C. Bar No. 1027252)
JACOB MECKLER (D.C. Bar No. #90005210)
AMERICA FIRST LEGAL FOUNDATION
611 Pennsylvania Avenue SE #231
Washington, D.C. 20003
Tel.: (202) 964-3721
E-mail: michael.ding@aflegal.org

*Counsel for the Plaintiff*
*America First Legal Foundation*